**PORTSMOUTH BASEBALL CORPORA-
TION, Plaintiff,**

v.

**Ford C. FRICK, Commissioner of Base-
ball, et al., Defendants.**

United States District Court
S. D. New York.

Dec. 27, 1955.

See also D.C., 132 F.Supp. 922.

Garey & Garey, New York City, James P. McGranery, Leonard J. E. Emmerglick, Washington, D. C., for plaintiff.

Willkie, Owen, Farr, Gallagher & Walton, New York City, Baker, Hostetler & Patterson, Cleveland, Ohio, Henry J. Walsh, Edgar P. Feeley, New York City, of counsel, for defendants.

EDELSTEIN, District Judge.

Defendants have moved for a protective order under Rule 30(b), Fed.Rules Civ.Proc. 28 U.S.C.A., in this action for breach of contract by the plaintiff minor league baseball club against all the major league clubs, the two major leagues and the commissioner of baseball. The breach alleged is the broad-

casting and telecasting of descriptions of major league games into the territory in which the plaintiff and its league operate. The issues remaining for decision are whether the notice of deposition and the subpoenas duces tecum should be modified: (1) to limit the production of documents to those which were in existence prior to November 22, 1954, the date of the commencement of the action; (2) to limit the production of specified contracts with broadcasting companies by the physical location of the radio or television station within 10 miles of the minor league city, or by the listenability or viewability of the station signals in that area; and (3) to eliminate the production of books, records and portions of contracts disclosing the sums received from the broadcasting or television of specified defendants' games.

■■ Inasmuch as the complaint alleges a continuing wrong and continuing damage, the first limitation will be denied. The second modification requested, that contracts be produced only relating to stations in or within 10 miles of a minor league city, is a highly artificial and arbitrary limitation which ignores the relevant facts of modern communications. For the purposes of their effect on the public, and upon the plaintiff, no distinction is apparent between broadcasts and telecasts originating within 10 miles of one of the minor league cities and those originating at greater distances. The determination of the listenability and viewability of radio and television stations will undoubtedly be a difficult task, but it is not an insuperable one. Litigation is a risk of doing business, and discovery is a risk of litigation; and this particular kind of discovery is a risk incident to the manner in which the defendants do their business.

■ The final limitation is urged on the ground that the material sought is confidential business information, and that it is so utterly irrelevant that its production could serve only to harm the defendants without any advantage to the plaintiff. I confess that the relevance of the amount paid to defendants for broadcasting rights in New York, to the plaintiff's claim of damage to its attendance in Portsmouth, Virginia, eludes me. But the plaintiff is not bound by the rule of relevance in seeking production, and the court could in any event not decide the issue at this point in the proceedings. Nor is the claim of confidence a bar to production, in a proper case. Nevertheless, I am reluctant to require the disclosure of the dollar amounts at this time, even on the basis of the plaintiff's offer to be bound by an order not to divulge the information. For the plaintiff has asserted that the data is necessary to establish the identity of the recipients of the money, in order to establish liability against them. The significance of the information, therefore, is to enable the plaintiff to determine who shares the funds that are alleged to be earned in violation of plaintiff's rights. For this purpose, it should be sufficient if the books, records and contracts are produced by the utilization of some device whereby the dollar amounts may be omitted. This ruling is subject to an order binding the plaintiff not to divulge the information, but it is also without prejudice to a renewal of the motion by the plaintiff if the information allowed should prove inadequate, or if the mechanics of the problem should prove unworkable. And this ruling is not directed at the production of any records on the issue of damages, an issue which may properly be postponed for the present.